GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York
By:    SHEB SWETT
       Assistant United States Attorney
       One St. Andrew's Plaza
       New York, New York 10007
       (212) 637-6522

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- X
                                      :
UNITED STATES OF AMERICA,             :
                                      :
            Plaintiff,                :
                                      :
       -v.-                           :
                                      :
ONE PRE-COLUMBIAN, PERUVIAN MOCHE     :    VERIFIED CIVIL COMPLAINT
STIRRUP VESSEL IN THE FORM OF A BEAN  :    FOR FORFEITURE
WARRIOR, CIRCA 150-550 AD,            :
                                      :    19 Civ. _____
            Defendant *in rem*.       :
                                      :
------------------------------------- X

Plaintiff United States of America, by its attorney, Geoffrey S. Berman, United States Attorney for the Southern District of New York, for its verified civil complaint, alleges, upon information and belief, as follows:

## I. JURISDICTION AND VENUE

1.     This action is brought pursuant to Title 19, United States Code, Sections 1595a(c) and 2609(a) by the United States of America seeking the forfeiture of one Pre-Columbian, Peruvian Moche stirrup vessel in the form of a bean warrior, circa 150-550 AD,

1

seized by the United States Customs and Border Protection ("CBP") on or about February 27, 2019 (the "Defendant *in rem*"). Photographs of the Defendant *in rem* are attached hereto as Exhibits 1-3.

2. This Court has original jurisdiction over this forfeiture action pursuant to Title 28, United States Code, Sections 1345 and 1355.

3. Venue is proper pursuant to Title 28, United States Code, Section 1355 because acts or omissions giving rise to forfeiture occurred in the judicial district for the Southern District of New York.

4. As set forth below, there is probable cause to believe that the Defendant *in rem* is subject to forfeiture pursuant to Title 19, United States Code, Sections 1595a(c) as merchandise introduced or attempted to be introduced into the United States in violation of Title 18, United States Code, Section 545 and 19 C.F.R. § 145.11., and pursuant to Title 19, United States Code, Section 2609(a) as archaeological or ethnological material imported into the United States in violation of Title 19, United States Code, Section 2606.

## II. LAW GOVERNING IMPORTATION OF ARTIFACTS FROM PERU

5. On May 7, 1990, the United States took emergency action to impose import restrictions on Moche artifacts from the Sipán archeological region of northern Peru. *See* Import Restrictions Imposed on Significant Archeological Artifacts From Peru, 55 Fed. Reg. 88, 19029 (May 7, 1990) (to be codified at 19 C.F.R. pt. 12) ("Peru Restrictions"). The Peru Restrictions provided an initial list of covered archeological material which "may not be imported into the U.S. unless accompanied by documentation certifying that the material left Peru legally and not in violation of the laws of Peru." *Id.* The Peru Restrictions listed "Stirrup-

spout Vessels," like the Defendant *in rem,* among the artifacts from the Sipán region subject to importation restrictions. *Id.*

6. On June 9, 1997, the United States and Peru entered into a Memorandum of Understanding which placed import restrictions on pre-Columbian archeological artifacts and Colonial ethnological materials from all areas of Peru and continued uninterrupted the previously adopted Peru Restrictions.[1] (the "MOU"). *See* Memorandum of Understanding Between the Government of the United States of America and the Government of the Republic of Peru Concerning the Imposition of Import Restrictions on Archaeological Material from the Prehispanic Cultures and Certain Ethnological Material from the Colonial Period of Peru (June 9, 1997), https://eca.state.gov/files/bureau/pe1997mou.pdf.

7. The MOU included an Appendix listing archaeological and ethnological materials that require certification or other documentation from the Government of Peru in order to be imported into the United States (the "Designated List"). On June 11, 1997, the Department of the Treasury published the Designated List in the Federal Register. *See* Archaeological and Ethnological Material From Peru, 62 Fed. Reg. 112, 31713 (June 11, 1997) (to be codified at 19 C.F.R. pt. 12). Section III of the Designated List identifies Pre-Columbian Ceramics subject to import restrictions, including Moche dated A.D. 200-700 such as "[s]tirrup-spout vessels, vessels in the shape of humans, animals, or plants," with colors "[g]enerally red and white." *Id.* at 31718. The vessel decorations are described as a "[w]ide range of images showing scenes of real life or

---

[1] The MOU has been amended and extended four times with the most recent five-year extension going into effect on June 9, 2017. *See* United States Diplomatic Note No. 0766 (April 27, 2017) and Republic of Peru Diplomatic Note No. 6-3/127 (May 22, 2017), https://eca.state.gov/files/bureau/peruext2017_usandperunotes.pdf.

3

mythical scenes depicting gods, warriors, and other images." *Id.*

8. The United States believes that the Defendant *in rem* is an example of pre-Columbian ceramic from Peru requiring specific certification and documentation upon importation into the United States.

### III. THE ILLEGAL IMPORTATION

9. On or about January 28, 2019, while conducting routine screening, the CBP National Targeting Center ("NTC") Antiquities Unit identified postal bill CX602347735CA shipping from Canada to a gallery located in Manhattan, New York. ("Gallery-1"). Gallery-1 and its owner ("Owner-1") have been the subject of multiple investigations by United States Homeland Security Investigations ("HSI"). The shipment was further deemed suspicious because the package originated with what appeared to be a first-time shipper using a P.O. Box number from Canada. The boxed cargo was manifested as "CAD, POTTERY SCULPTURE." A photograph of the box as shipped is attached hereto as Exhibit 4.

10. On or about January 29, 2019, the NTC alerted HSI to the shipment, and on or about January 31, 2019, HSI requested that the CBP International Mail Facility in Chicago conduct on examination of the package. CBP's examination confirmed that the shipment appeared to violate U.S. customs law in that: (i) no documents accompanied the shipment, (ii) the shipment did not contain a statement that the Defendant *in rem* was an ancient artifact, and (iii) the shipment did not contain a statement of the country of origin of the Defendant *in rem*.

11. On or about February 4, 2019, CBP Chicago forwarded to HSI photographs of the packaging and Defendant *in rem* resulting from the examination.

12. Between February 6, 2019 and February 8, 2019, HSI referred photographs

of the Defendant *in rem* to an expert on cultural heritage protection and pre-Columbian artifacts ("Expert-1"). After reviewing the photographs, Expert-1 concluded that the Defendant *in rem* appeared to be an authentic example of a Moche pot (Phase IV) from Peru dating to around 500 AD and valued between $1,000 and $3,000.[2]

13. Based on Expert-1's conclusions, CBP had probable cause to believe the Defendant *in rem* was a pre-Columbian archaeological and ethnologic artifact from Peru included on the Designated List and therefore subject to import restrictions. Accordingly, CBP seized the Defendant *in rem* on or about February 27, 2019 pursuant to 19 U.S.C. § 1595a(c)(1)(A) and 18 U.S.C. § 545 as merchandise introduced or attempted to be introduced contrary to law and pursuant to 19 U.S.C. § 2609(a), 19 U.S.C. § 2606, and 19 C.F.R. 12.104e(a) as archaeological or ethnological material imported into the United States in violation of United States customs laws.

### III. CLAIMS FOR FORFEITURE

**Forfeiture Under 19 U.S.C. § 1595a(c)**
**(Merchandise Introduced Contrary to Law and In Violation of 18 U.S.C. § 545 and 19 C.F.R. § 145.11)**

14. Paragraphs 1 through 13 of this Complaint are repeated and re-alleged as if fully set forth herein.

15. Title 19, United States Code, Section 1595a(c)(1)(A) requires that merchandise "introduced or attempted to be introduced into the United States contrary to law . . . shall be seized and forfeited if it . . . is stolen, smuggled, or clandestinely imported or

---

[2] A subsequent in-person appraisal of the Defendat *in rem* by a professional fine art appraiser assigned the Defendant *in rem* a fair market value of $5,000 and a retail replacement value of $7,500.

5

introduced." Furthermore, Title 19, Code of Federal Regulations, Section 145.11 requires that "[a] clear and complete Customs declaration on the form provided by the foreign post office, giving a full and accurate description of the contents and value of the merchandise, shall be securely attached to at least one mail article of each shipment . . ." Lastly, Title 18, United States Code, Section 545 makes it illegal for anyone to smuggle or clandestinely introduce in the United States "any merchandise which should have been invoiced . . ."

16. By reason of the foregoing the Defendant *in rem* is subject to forfeiture to the United States pursuant to Title 19, United States Code, Section 1595a(c)(1)(A) as merchandise introduced or attempted to be introduced into the United States contrary to law.

### Forfeiture Under 19 U.S.C. § 2609(a)
### (Archeological or Ethnological Material Imported into the United States in Violation of 18 U.S.C. § 2606)

17. Paragraphs 1 through 13 of this Complaint are repeated and re-alleged as if fully set forth herein.

18. Pursuant to Title 19, United States Code, Section 2609(a) "[a]ny designated archaeological or ethnological material or article of cultural property . . . imported into the United States in violation of section 2606 of this title . . . shall be subject to seizure and forfeiture." Section 2606(a) of the same title prohibits designated archaeological or ethnological material from being imported into the United States unless the State Party issues a certification or other documentation certifying that the exportation was not in violation of the law of the State Party.

19. By reason of the foregoing the Defendant *in rem* is subject to forfeiture to the United States pursuant to Title 19, United States Code, Section 2609(a) as designated

archaeological or ethnological material imported into the United States without any certification or documentation in violation of Title 19, United States Code, Section 2606(a).

WHEREFORE, plaintiff United States of America prays that process issue to enforce the forfeiture of the Defendant *in rem* and that all persons having an interest in the Defendant *in rem* be cited to appear and show cause why the forfeiture should not be decreed, and that this Court decree forfeiture of the Defendant *in rem* to the United States of America for disposition according to law, and that this Court grant plaintiff such further relief as this Court may deem just and proper, together with the costs and disbursements of this action.

Dated: New York, New York
      December 10, 2019

                                      GEOFFREY S. BERMAN
                                      United States Attorney for the
                                      Southern District of New York
                                      Attorney for the Plaintiff
                                      United States of America

By: _____
                                      SHEB SWETT
                                      Assistant United States Attorney
                                      One St. Andrew's Plaza
                                      New York, New York 10007
                                      Telephone: (212) 637-6522

## **VERIFICATION**

STATE OF NEW YORK )
COUNTY OF NEW YORK :
SOUTHERN DISTRICT OF NEW YORK )

      JOHN PAUL LABBAT, being duly sworn, deposes and says that he is a Special Agent with Homeland Security Investigations ("HSI"), and as such has responsibility for the within action; that he has read the foregoing complaint and knows the contents thereof, and that the same is true to the best of his knowledge, information, and belief.

      The sources of deponent's information and the ground of his belief are official records and files of HSI, information obtained directly by the deponent, and information obtained by other law enforcement officials, during an investigation of alleged violations of Titles 18 and 19 of the United States Code.

_____
JOHN PAUL LABBAT
Special Agent
Homeland Security Investigations

Sworn to before me this
10th day of December, 2019

_____
NOTARY PUBLIC

**KEVIN C. GORMAN**
**Notary Public, State of New York**
No. 02GO6161201
Qualified in Putnam County
Commission Expires February 20, 2023